IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00040-GPG

RAYMOND E. COLLINS JR.,

     Plaintiff,

v.

WELD COUNTY SHERIFF STEVEN REAMS,
WELD COUNTY UNDER SHERIFF STERLING GEESAMAN,
WELD COUNTY DA OFFICE, and
WELD COUNTY PUBLIC DEFENDER OFFICE,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Raymond E. Collins, Jr., currently is detained at the Weld County Jail in Greeley, Colorado.   Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated.   Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as a *pro se* litigant's advocate.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff asserts four claims regarding his arrest, conditions of his confinement, and his subsequent court hearings.   Plaintiff requests that his name be cleared and that "what [he] lost" returned.   ECF No. 1 at 11.

1

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Rule 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.   Plaintiff fails to assert the jurisdiction for his claims.   In the B. Jurisdiction section of the complaint form, Plaintiff only states that he asserts jurisdiction pursuant to the "US Constitution."   ECF No. 1 at 4.   Plaintiff must complete this section and properly assert the basis for jurisdiction in this Court.   To state proper jurisdiction Plaintiff must indicate the specific federal legal basis for his claims.

Next, it appears that Plaintiff has not been convicted and is pending a state court criminal trial.   Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.   *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995).

2

If, however, Plaintiff has been convicted and sentenced a request challenging the conviction and sentence more properly is addressed in a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).   Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action.   The Supreme Court has explained the role of habeas and civil rights actions as follows:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006).   If Plaintiff wishes to pursue any habeas corpus claims, once he has been conviction and sentenced, he must file a separate habeas corpus action.   Before seeking habeas corpus relief in federal court, Plaintiff must exhaust state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief).

Second, to the extent that Plaintiff is challenging actions by the public and the district attorney, these individuals are immune from suit.

A district attorney is entitled to absolute immunity in 42 U.S.C. § 1983[1] suits for activities within the scope of his prosecutorial duties.   *See Ambler v. Pachtman*, 424 U.S.

---

[1]   Since Plaintiff has stated generically in the B. Jurisdiction section of the complaint form that he is asserting jurisdiction under the U.S. Constitution, the Court will construe for purposes of this Order that Plaintiff intends to assert his claims pursuant to 42 U.S.C. § 1983.

409, 420-24 (1976).   The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process.   *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).   Any part a district attorney has in deciding to charge an individual with an offense is within the scope of his prosecutorial duties.

Whether a private attorney or public defender represents Plaintiff, he or she is not a state actor under 42 U.S.C. § 1983, (assuming, as stated above, that Plaintiff is asserting his claims pursuant to § 1983), and is not a proper party to this action.   *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Plaintiff is directed that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by a named defendant in the alleged constitutional violation.   *See Bennett v. Passic* , 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how the named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's

4

participation, control or direction, or failure to supervise.    *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.    *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).   Therefore, in order to succeed in a 42 U.S.C. § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."    *Id.* at 1199.

Finally, Plaintiff may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights.   Plaintiff, however, must provide sufficient information about each defendant so that they can be identified for the purpose of service.   Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the Complaint and action without further notice.

DATED January 8, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge